UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY D. FRANK,

    Plaintiff,

        v.	CAUSE NO. 3:25-CV-700-GSL-AZ

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Corey D. Frank, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because

---

[1] In November 2025, Frank was ordered to show cause why the initial partial filing fee had not been paid in accordance with the court's August 2025 order. (ECF 4.) Clerk's office personnel subsequently learned that no payment was made because, for unknown reasons, the prison's financial department did not receive a copy of the August 2025 order until this week. In order to avoid further delay in the case, the court will proceed to screening under 28 U.S.C. § 1915A. Frank is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915.

Frank is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Frank is an inmate at Indiana State Prison (ISP). His complaint stems from a fire that broke out at ISP on January 14, 2023, in the A cellhouse. He claims that prison staff took an inordinate amount of time to evacuate inmates and were generally inept when responding to the fire. He further claims high-ranking officials at ISP knew there was a risk of injury from fire due to the age of the A cellhouse, the lack of working fire extinguishers, and other deficiencies. However, he claims they did not act to ameliorate the risk prior to this incident. He further claims that he felt light-headed and short of breath after the fire was extinguished. He asked prison staff to take him to the medical unit in the hours immediately following the fire, but they allegedly ignored him. After that, he stopped asking for medical care because he felt staff might be engaged in a "cover up." Based on these events, he sues 13 named and unnamed defendants seeking $1 million in damages and other relief.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues and the limitations period starts running is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, Frank is suing over an event occurring in January 2023, and it is evident from the complaint that he was aware of the fact and cause of his injury at the time of the fire. He tendered his complaint for mailing in August 2025, more than two years later. (ECF 1 at 19.) Untimeliness is an affirmative

2

defense, but dismissal at the pleading stage is permissible when "the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). That standard is satisfied here.

Therefore, the amended complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Frank an opportunity to replead—consistent with the allegations he has already made under penalty of perjury—before the case is dismissed. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 21, 2026**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A for the reasons outlined in this order.

SO ORDERED on December 19, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT